BRECHBIEL *v.* HENTGEN ET AL.

[No. 15,551. Filed June 15, 1937.]

*Russell J. Wildman,* for appellant.

*White, Wright & Boleman, George C. Forrey, III,* and *Hurd J. Hurst,* for appellees.

KIME, J.—Ethel T. Brechbiel filed a complaint against George Hentgen and Fort Wayne Journal Gazette to recover damages for personal injuries sustained in an automobile collision. The amended complaint was predicated on negligence of the defendants in the operation of an automobile resulting in her injuries. To this complaint defendants filed separate answers in general denial. Trial was had to a jury and a verdict was returned in favor of plaintiff for $600.00 as against George Hentgen and on a directed verdict there was a finding for the Fort Wayne Journal Gazette on which judgment was accordingly rendered after the court sustained a motion by said defendant to do so.

Motion for new trial was overruled and judgment was rendered upon the verdict in favor of plaintiff and against George Hentgen for $600.00.

This appeal followed and the error properly assigned was that the court erred in overruling appellant's motion for new trial, the grounds which are discussed here are that the court erred in sustaining the separate motion of the appellee, Fort Wayne Journal Gazette, to instruct the jury to find for it, and error in giving two instructions, all of which raise the same question, that is, did the trial court, under the evidence, err in sus-

taining the motion for directed verdict for the Fort Wayne Journal Gazette?

The evidence conclusively shows that a representative of the circulation department of the newspaper called on Hentgen and told him that it was desirous of securing someone to distribute its Sunday publication in a certain designated territory consisting of small villages and rural districts; that for this distribution, in the event the distributor was able to dispose of a minimum of forty Sunday papers it would pay four cents per copy sold plus $2.00; that at the time of the accident herein mentioned the appellee Hentgen had a standing order with the appellee newspaper for fifty such papers, which he received at a certain point, and distributed them in the territory which had been assigned to him. That he paid for such papers the next day after deducting his four cents on each paper.

There is no question as to the negligence and injuries herein but we are confronted with the question as to whether Hentgen, at the time of the accident, was a servant or employee of the Fort Wayne Journal Gazette.

There is nothing in the evidence that shows, nor is there anything from which an inference might be drawn, that the newspaper was interested in the manner or method which Hentgen used to get the publication into the hands of the purchasers. It was only interested in the result—that is, the newspaper was interested in a circulation of not less than forty papers in a restricted area for which Hentgen was to get the fee above stated. How the sale of these papers was handled was left entirely to Hentgen. No directions or route of travel were given to him. He obtained his own customers and there is nothing to show that he was limited in the time in which he was to make sales or deliver the papers. He was an independent distributor buying the product of the publisher and selling it to the

buying public (his customers and others who desired to purchase) at a given price. The only requirement of the newspaper was that a minimum be sold in the designated territory.

Inasmuch as there was no conflict in the evidence, the question of the relationship existing was one of law for the court and it was imperative here in applying the law to the facts for the court to direct the verdict in the manner it did.

From the above it is clear that the trial court did not err in sustaining the motion for a directed verdict or in giving the instructions complained of, therefore, this case is in all things affirmed.