DISPATCH PUBLISHING COMPANY, INC. *v.*
SCHWENK ET AL.

[No. 16,554.  Filed May 26, 1941.]

*Hemphling & Smith,* of South Bend, for appellant.

*C. Vance Shields, Arthur L. Roule,* and *Arthur I. Raelson,* all of LaPorte, for appellee.

CURTIS, J.—This was an action instituted by the appellee John R. Schwenk against the appellee Wilbert Arthur Westphal, the appellant, The Dispatch Publishing Company, Inc., Nixon Newspapers, Inc., and Nixon Enterprises, Incorporated, for the loss of appellee Schwenk's horse, alleged to have been caused by the negligence of the appellee Wilbert Arthur Westphal while driving his automobile which struck and fatally injured said animal. The action against the appellant, The Dispatch Publishing Company, Inc., Nixon Newspapers, Inc., and Nixon Enterprises, Incorporated, was predicated upon the theory that at the time and place of the collision of said automobile with the horse of the appellee John R. Schwenk, the appellee Wilbert Arthur Westphal was the servant, agent, and employee of the appellant, The Dispatch Publishing Company, Inc., Nixon Newspapers, Inc., and Nixon Enterprises, Incorporated, and that the appellee Wilbert Arthur Westphal was then and there engaged in the business of said parties and acting within the scope of his employment. The appellee Schwenk dismissed his cause of action against the defendants Nixon Newspapers, Inc., and Nixon Enterprises, Incorporated, at the close of his evidence.

The cause was tried before a jury upon the complaint of the appellee Schwenk, to which each defendant below filed a general denial. The trial resulted in a verdict for Schwenk against the appellee Westphal and also

against the appellant in the sum of $200.00 upon which verdict judgment was duly rendered. A motion for a new trial was seasonably filed and overruled with an exception to the appellant. This appeal followed. The error relied upon is the said ruling on the motion for a new trial.

The causes or grounds of the motion for a new trial may be summarized as follows: The verdict of the jury is not sustained by sufficient evidence; is contrary to law; alleged error in overruling appellant's motion for a directed verdict in its favor at the close of the plaintiff's (appellee) evidence and also at the close of all of the evidence; and alleged error in two rulings upon evidence.

The appellant in its brief under the heading of "what the issues were" makes the following statement: "The complaint alleged that the defendant's negligence consisted of the following: That the defendant The Dispatch Publishing Company, Inc., through its agent, the defendant, Wilbert Arthur Westphal, could and should have seen the plaintiff's horse from a distance of five hundred (500) feet or more and should have slowed down and attempted to avoid the horse, and although they could easily have passed the horse without going off the road, the said defendants negligently and carelessly failed to slow down or attempt to avoid the horse but drove directly into the said horse." The appellee Schwenk makes no objection to the above general statement as to the negligence charged.

The appellee insists that the bill of exceptions containing the evidence is not properly in the record. We think it is. But the most serious objection made by the appellee is, that since this case turns entirely upon the evidence, the appellant has not sufficiently complied with the rule requiring "a con-

densed recital of the evidence in narrative form so as to present the substance clearly and concisely." There is much merit in this contention of the appellee, but since the appellee in his brief has supplied the defect we are able from the briefs to pass upon the merits of the appeal which we now proceed to do.

The evidence was entirely sufficient to sustain the verdict of the jury that the appellee Schwenk's horse was negligently killed. In fact the appellee Westphal, who drove the automobile that killed the horse, has not appealed from the judgment against him; and the main question presented and argued by the appellant is that, "There is no evidence that appellee Wilbert Arthur Westphal was the agent and employee of the appellant." The appellant thus contends that the rule of *respondeat superior* applied in the trial court was not applicable to the evidence in the cause; and that the appellant should not be held liable for the negligence of Westphal in killing the horse belonging to the appellee Schwenk. The horse was killed on the highway by the automobile driven by Westphal while delivering papers published by the appellant.

This contention of the appellant requires a careful consideration of the evidence to determine whether or not there was any competent evidence to sustain the verdict of the jury, which was evidently based upon the theory that the appellant was liable for the negligence of the appellee Westphal under the doctrine of *respondeat superior*.

The appellant relies strongly upon the case of *Brechbiel* v. *Hentgen* (1937), 103 Ind. App. 481, 8 N. E. (2d) 1007. In that case, the trial court sustained the motion of the defendant therein for a directed verdict and accordingly directed the jury to return its verdict for the defendant. This court in passing upon alleged

error in directing the verdict in that case said that, "Inasmuch as there was no conflict in the evidence, the question of the relationship existing was one of law for the court and it was imperative here in applying the law to the facts to direct the verdict in the manner it did. From the above it is clear that the trial court did not err in sustaining the motion for a directed verdict or in giving the instructions complained of."

The situation in the instant case is the reverse of that in the Brechbiel case, *supra.* Here the trial court refused to direct a verdict for the appellant and that alleged error is the one mainly relied upon for reversal.

The trial court had before it the witnesses and heard all of the evidence on the question of whether or not the appellee Westphal was the agent or servant of the appellant. The evidence here was evidently far more complete on the relationship of the parties than in the Brechbiel case, *supra.* While it is true that the evidence contains some elements that might point toward the status of independent distributor of Westphal, yet it also contained other elements that would point toward the status of agent or employee. Without attempting to summarize the evidence completely, we call attention to the fact that the appellant alone established the route for Westphal and he had nothing to do with the laying out of the route. The circulation manager of the appellant rode along with him and the other carriers at somewhat regular intervals. Westphal could not obtain subscriptions outside of his territory for himself; men other than Westphal came out to see the appellee Schwenk in regard to buying the paper at the time the route was organized; and they gave him a mail box with the word "Dispatch" on it; Westphal could carry no other papers except such as were allowed by the appellant and these he

had to buy from the appellant. Every three months Westphal was required to turn in to the appellant his list of subscribers; in July, 1938, Westphal and two other carriers went on a strike and refused to go out on the route. He had to be down to the appellant's office at press time or be "hollered at"; he was required to conform to prices fixed by the appellant; and there was evidence from which it could reasonably be concluded that Westphal had no property interest in the route or the subscription lists, but that, on the contrary, the appellant did. We think that there was at least some competent evidence from which the jury could properly conclude, as it did conclude, that the relationship of master and servant or principal and agent was shown by the evidence. The verdict of the jury was sustained by sufficient evidence, and we find no reason to hold that it was contrary to law.

We look upon the rulings on the evidence as not in any manner harmful.

Finding no reversible error, the judgment is affirmed.

NOTE.—Reported in 34 N. E. (2d) 150.